O’Neall, J.
delivered the opinion of the Court.
In this case it is not even pretended that there was any error in the ruling of the Judge below, under the acknowledged rules of the common law. But it is undertaken to review and reverse the ancient principle, on which this case was decided.
Such a thing as a grant of a personal estate to the wife, by the husband, is unknown at law. Such a conveyance is a mere conveyance to himself. In equity, it might be that the husband would be held to be a trustee for the wife.
At law, however, the wife’s legal existence is merged in that of 'the husband, and she can have no separate legal estate.
This legal principle is taught in our first elementary book, that with which every student begins his legal course. In 1st Blac. Com. 442, we are told : “ By marriage, the husband and wife are one person in law; that is, the very being or legal existence of the woman is suspended during marriage, or at least is incorporated and consolidated into that of the husband ; under whose wing, protection, and cover, she performs every thing ; and is, therefore, called in our law-french a feme covert, fcernina viro cooperta; is said to be covert baron, or under the protection and influence of her husband, her baron or lord; and her condition, during her marriage is called her coverture.”
He also remarks, speaking of this legal union of husband and wife, “ for this reason a man cannot grant any thing to his wife, or enter into covenant with her.”
In Bacon's Abridg't. Tit. Baron and Feme, D. it is said, “ husband and wife are considered as one person in law, as having but one will between them, which is seated in the husband, as the head and governor of the family ; and, therefore, the law gives him the same right over any real estate accruing to the wife, during coverture, as if she were seized of it before marriage; so of chattels real accruing to the wife: it also gives him an absolute power over any personal estate or interest accruing to the wife by gift, devise, or her labor.” To these authorities may be added Robards v. Hutson and Price, where husband and wife had separated, and she had, by her own labor, acquired property, it was *462 held that the legal estate was in the husband, and that she C0QJC| not sue aJ¡0ne. y
Bar.' & Feme ’ M.
The separate estate of the wife, independent of trustees, is altogether a creature of equity. Such a thing does not exist at law.
The deed from the intestate to his wife is, therefore, void : or conveys to her no estate. For if it could have effect, and could invest her, for a moment, with the legal estate, it would, in the next instant, jure mariti, vest in the husband.
The agreement, it might be very well contended, was a mere executory contract, between Elwell and Fryerson, and conveyed no legal estate. But if it be conceded to be a conveyance to trustees, it was only such for the lives of husband and wife: on the death of both, the estate of the trustees was ended, and the reversion was to the intestate’s legal representative.
The motion is dismissed.
Richardson, J. — Evans, J. — Wabdlaw, J. — and Frost, J. — concurred.

Motion refused.